# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00831-CR
NO. 03-11-00832-CR

**Ex parte Safiq Karedia**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NOS. D-1-DC-08-300752-A & D-1-DC-08-300753-A
HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## S U P P L E M E N T A L   O P I N I O N

Since we issued our opinion dated February 15, 2013, higher courts have issued opinions that reinforce our conclusion that the trial court did not err by denying Safiq Karedia relief on his applications for writs of habeas corpus. We do not withdraw our original opinion, but we supplement it with this opinion.

As set out in our original opinion, Karedia sought relief from his guilty pleas in 2008. Those pleas led to deferred adjudication community supervision that was later revoked. Karedia contended that his trial counsel provided ineffective assistance by not sufficiently advising him of the immigration-law consequences of his guilty plea. *See Padilla v. v. Kentucky*, 130 S. Ct. 1473, 1481-82 (2010).

Five days after we released our original opinion in these cases, the Supreme Court declared that its holding in *Padilla* did not apply to collateral challenges to convictions that were final when *Padilla* was handed down. *Chaidez v. United States*, 133 S. Ct. 1103, 1106 (2013).

The United States Supreme Court concluded that its *Padilla* opinion announced a new rule of constitutional criminal procedure and could not be applied retroactively. *Id*. at 1113; *see also Teague v. Lane*, 489 U.S. 288, 301 (1999). The Texas Court of Criminal Appeals then adopted that holding for cases in state courts. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013). The court of criminal appeals also clarified that a guilty plea is a conviction that is final on the date of the plea for purposes of federal immigration law and for determining whether *Padilla* applies—even when adjudication is deferred and the charges are later dismissed. *State v. Guerrero*, 400 S.W.3d 576, 587-88 (Tex. Crim. App. 2013).

Karedia pleaded guilty on September 19, 2008. His "conviction" was thus final for immigration-law purposes long before *Padilla* issued on March 31, 2010. As a matter of law, he is not entitled to relief under *Padilla*, and cannot show either that his trial counsel provided ineffective assistance or that the habeas court erred by denying him relief on that basis.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: October 11, 2013

Do Not Publish